IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**RENEE (COG) FEREBEE**

Plaintiff

v.  Civil No. **PJM 17-1072**

**SCOTT MANAGEMENT INC.,** *et al.*,

Defendants.

## MEMORANDUM OPINION

*Pro se* Plaintiff Renee Ferebee has sued Scott Management Inc. and Oakcrest Towers LLC (Defendants), alleging that they discriminated against her by refusing to rent her a studio apartment. ECF No. 1. In addition to what appears to be a discrimination claim under Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Ferebee claims "defamation of character, personal vindictiness [presumably "vindictiveness"], age, false advertisment [sic], bribery." *Id.* Defendants have filed a Motion to Dismiss (ECF No. 8). Though the Clerk of the Court issued Ferebee a letter notifying her of her right to respond (ECF No. 9), she has failed to file a timely response.

For the following reasons, the Court will **GRANT WITH PREJUDICE** Defendants' Motion to Dismiss (ECF No. 8).

## I. FACTS AND PROCEDURAL HISTORY

According to her Complaint, on April 8, 2017, Ferebee inquired about renting an apartment from Oakcrest Towers. ECF No. 1 at 1. The Apartment Manager, identified only as "Ms. Charmaine," gave her an application and "was at first, very nice, and seemed to be willing to rent out the studio to the plaintiff, but her attitude slightly changed." *Id.* Ferebee informed Charmaine that she would be receiving 500 million dollars in a discrimination suit and asked if she would need a co-signer for the apartment. *Id.* Charmaine, however, informed her that she did not meet the income requirements to rent the studio. *Id.*

On April 18, 2017, Ferebee initiated the present action against Oakcrest Towers, the landlord of the apartments, and Scott Management Inc., the property manager. Ferebee claims her granddaughter rented an apartment—presumably at Oakcrest Towers—without "meeting the requirements." *Id*. Therefore, according to Ferebee, Defendants discriminated against her because of "personal vindictiveness." *Id.* She requests 500 million dollars in damages. *Id*. at 2. Attached to her Complaint are: 1) a bank statement indicating she had $140 in overdraft charges for the month of February; and 2) a pleading in another case requesting $500 million in damages for similar claims. ECF Nos. 1-1, 1-2.

Defendants filed a Motion to Dismiss on June 23, 2017. ECF No. 8. They contend dismissal is required because the Court lacks jurisdiction and the Complaint fails to state a claim upon which relief can be granted. ECF No. 8-1. Despite having received notice of Defendants' pending Motion and her right to respond, Ferebee has not responded.

## II. ANALYSIS

### A. *Legal Standard*

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) should be granted if the allegations in a complaint do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A party may move for dismissal pursuant to Rule 12(b)(1) where the court lacks subject matter jurisdiction over the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited subject matter jurisdiction: they "possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Bowles v. Russell*, 551 U.S. 205 (2007)). As the party asserting jurisdiction, the plaintiff bears the burden of proving that the district court has subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

"If jurisdiction is based on diversity of citizenship, real and complete diversity must be shown; if it is based on a federal question, the pleader need show that he has alleged a claim under federal law and that the claim is not frivolous." *MacKenzie v. Local 624, Intern. Union of Operating Engineers*, 472 F. Supp. 1025, 1030 (N.D. Miss. 1979). The mere assertion of a federal claim is not enough for jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Rather, "[f]ederal jurisdiction requires that a party assert a *substantial* federal claim." *Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)) (emphasis added). Once a district court determines that it lacks subject matter jurisdiction over an action, it must dismiss

the action. *Vuyyuru*, 555 F.3d at 347 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006)).

### B. Defendants' Motion to Dismiss

As Defendants suggest, Ferebee's Complaint fails under both Rule 12(b)(1) and Rule 12(b)(6). Ferebee does not identify a single Constitutional provision or Federal or state statute that has been violated nor does she assert diversity jurisdiction. Discrimination because of personal vindictiveness is not a cognizable federal claim and, though the heading of her complaint mentions "age," nowhere does she plead facts to make out a claim of age discrimination. In fact, she fails to even state her age anywhere in the Complaint. To the extent she attempts to bring a federal false advertising claim,[1] she has alleged neither false representation by Defendants nor a reasonable reliance by her on the same. *See, e.g.*, *PBM Prod., LLC v. Mead Johnson & Co.,* 639 F.3d 111, 120 (4th Cir. 2011) (noting that for liability to arise under false advertising provisions of the Lanham Act, the statement or representation must either be false or likely to mislead consumers).

Likewise, Ferebee fails to plead a claim plausible on its face. Though a plaintiff proceeding *pro se* is entitled to have her complaint construed liberally, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). The court may not "construct a claim out of whole cloth if the plaintiff fails to supply the necessary facts or a cognizable theory in support of a claim." *Derek N. Jarvis v. Staples, Inc.*, No. 10-244-PJM, 2010 WL 4942010, at *2 (D. Md. Nov. 30, 2010).

Ferebee's Complaint identifies no facts that even approach a cognizable theory of liability. Her discrimination theory is at best fantasy. It is also belied by her own exhibits. In addition to asserting she was denied an apartment because she did not meet the income

---
[1] Ferebee does not indicate whether she brings this claim pursuant to state or federal law.

requirements, she provides a bank statement confirming that the previous month she was charged $140 in over draft fees. ECF No. 1-2. Her attached pleading requesting $500 million in damages in a case now before Judge Grimm is equally nonsensical. In fact, in dismissing that case, Judge Grimm noted, "her filings place an undue burden on the Court and the defendants she names." *Ferebee v. Eastern Motors Dealership*, Civil No. 17-165, ECF No. 18 at 8. This Court agrees. As noted above, her claim for false advertising is similarly groundless.

Finally, because the federal claims are barred, the state law claims are also subject to dismissal for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3).[2]

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED**. The Court **DISMISSES** Ferebee's Complaint (ECF No. 1) **WITH PREJUDICE**.

A separate Order will **ISSUE**.

                                                               /s/
                                        **PETER J. MESSITTE**
                          **UNITED STATES DISTRICT JUDGE**

**September 25, 2017**

---

[2] In any event, Ferebee's state law claims also fail under Rule 12(b)(6). The only defamatory statement that Ferebee alleges is that she was "crazy and on drugs," but she fails to allege which Defendant or Defendants made this statement or that it was made it to a third party. *See, e.g.*, *Redmonds Enter., Inc.* v. *CSXTransp., Inc.,* No. CCB-16-3943, 2017 WL 2335598, at *2 (D. Md. May 30, 2017) (discussing the elements necessary to prove defamation).